**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHIRAGKUMAR CHAUDHARI<br><br>Petitioner,<br><br>v.<br><br>SAMUEL OLSON, Field Office Director for U.S. Immigration and Customs Enforcement, Chicago, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26 C 10143<br><br>Judge Sara L. Ellis |

**ORDER**

The Court grants Petitioner's petition for writ of habeas corpus [1]. The Court orders Petitioner's immediate release. The Court further orders that Respondents apply 8 U.S.C. § 1226 and show by clear and convincing evidence that Chaudhari poses a danger to the community or poses a risk of flight such that detention is necessary if they choose subsequently to provide Petitioner with a bond hearing. The Court enjoins Respondents from denying Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him. See Statement.

**STATEMENT**

Petitioner Chiragkumar Chaudhari, who is an Indian citizen, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 21, 2026, following his arrest and detention on that same date by immigration officials in the Chicagoland area. Respondents have taken the position that Chaudhari must request a custody redetermination hearing in immigration court and has failed to exhaust his remedies; thus, that this Court should deny his petition on that ground. Chaudhari claims that he instead is entitled to immediate release and a bond hearing pursuant to 8 U.S.C. § 1226(a) because application of § 1225(b)(2)(A) to him violates the Immigration and Nationality Act ("INA") and that Respondents have deprived him of due process by failing to provide him with a bond redetermination hearing.

Chaudhari entered the United States on or about October 1, 2022 and filed a petition for asylum on June 20, 2024. Chaudhari's asylum petition currently is pending before USCIS. He has no criminal history.

On August 21, 2026, Immigration and Customs Enforcement ("ICE") agents detained Chaudhari without prior notice or a bond hearing and transported him to the ICE facility in Broadview, Illinois, alleging that Respondents revoked his bond status. After Chaudhari filed his habeas petition that same date, the Court ordered that Respondents not remove Chaudhari from the jurisdiction of the United States and not transfer him to any federal judicial district other than

those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 4. The Court also ordered that Respondents respond to Chaudhari's petition on August 24, 2026.

First, the Court finds that it has jurisdiction over Chaudhari's habeas claim because he challenges the lawfulness of his current detention, not the underlying merits of his immigration status or his arrest. None of the jurisdiction-stripping provisions of § 1252 apply to this case where Chaudhari only challenges his allegedly unlawful detention without a bond hearing and not other immigration decisions. *See Loza Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to a challenge to the "extent of the Attorney General's authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

Next, while Respondents argue that Chaudhari has not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, 2025 WL 2962610, at *3–4. Instead, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Chaudhari to first seek a bond hearing before an immigration judge and then appeal the decision of the immigration judge before the Board of Immigration Appeals ("BIA") would be futile given that Respondents maintain that Chaudhari is subject to mandatory detention pursuant to § 1225(b)(2) and the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025). The Court finds that there is no requirement for Chaudhari to exhaust his administrative remedies where his continued detention raises "grave due-process concerns" and creates significant adverse consequences. *Juarez-Garcia v. Olson*, No. 26 C 7186, 2026 WL 2350273, at *6 fn.3 (N.D. IL August 13, 2026), *citing, Alonso v. Swearingen*, No. 26 C 133, 2026 WL 1042517, at *3-4 (S.D. Ind. Apr. 17, 2026).

This brings the Court to Chaudhari's argument that his detention is governed by § 1226, which provides for discretionary detention of noncitizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). Those noncitizens already present in the United States may obtain a bond hearing before an immigration judge, at which the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. The Fifth Circuit reached this same conclusion. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

But the Seventh Circuit reached the opposite conclusion while addressing this issue. The Seventh Circuit determined that § 1226, not § 1225(b)(2)(A), governs the detention of noncitizens who entered the country unlawfully and whom DHS subsequently detains in the Midwest rather than at the border. *See Cirrus Rojas v. Olson,* No. 25-3127, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026). The court specifically rejected DHS and ICE's argument that § 1225(b)(2)(A) subjects all noncitizens discovered within the country to mandatory detention, instead noting that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." *Id.*

The Court therefore follows the Seventh Circuit and many district courts to consider this issue and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to noncitizens who are already present in the country. Like the plaintiff in *Cirrus Rojas*, Chaudhari is far beyond "seeking" admission into the United States at the border and Respondents detained him in the Midwest after he had been living here for several years. Given this, the Court finds that Chaudhari is not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to his detention, under which he is entitled to a bond hearing before an immigration judge.

The Court also finds that Chaudhari's detention violates due process. The Due Process Clause applies to noncitizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Chaudhari's detention, he is entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Chaudhari's continuing detention without such a bond hearing amounts to a due process violation. *Loza Valencia*, 2025 WL 3042520, at *3; *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

Therefore, the Court finds it appropriate to grant Chaudhari's habeas petition. The Court orders Respondents to immediately release Chaudhari from custody and, if they so choose,

provide him with a bond hearing pursuant to § 1226(a). At that bond hearing, Respondents must show by clear and convincing evidence that Chaudhari poses a danger to the community or poses a risk of flight such that detention is necessary. *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases). The Court further enjoins Respondents from denying Chaudhari bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.

Date: August 24, 2026 /s/ Sara L. Ellis